1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  DONALD W. WEAVER JR.,        )  NO. ED CV 23-1888-TJH(E)
                                 )
12          Plaintiff,           )
                                 )  ORDER DISMISSING COMPLAINT
13      v.                       )
                                 )  WITH LEAVE TO AMEND
14  SHERIFF JOHN DOE, ET AL.,    )
                                 )
15          Defendants.          )
    _____)

16

17

18      For the reasons discussed below, the Complaint is dismissed with

19  leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

20

21                            BACKGROUND

22

23      On September 13, 2023, pursuant to 42 U.S.C. section 1983,

24  Plaintiff filed a "Civil Rights Complaint" against two fictitiously

25  ///

26  ///

27  ///

28  ///

named Defendants: Nurse "Jane Doe," and "Sheriff John Doe."[1]   On

November 9, 2023, the Court granted Plaintiff <u>in forma pauperis</u>

status.


### SUMMARY OF PLAINTIFF`S ALLEGATIONS


Plaintiff alleges that, when he was a detainee in the Robert

Presley Detention Center, he "requested to see the doctor" "so that

[Plaintiff] could get proper medical attention to treat my [left foot]

infection."   According to Plaintiff, Nurse "Jane Doe" denied

Plaintiff`s request to see the doctor.   Plaintiff alleges that he then

wrote unspecified grievances.   Plaintiff also alleges that "[f]inally

[Plaintiff] wrote to Sheriff Doe but never heard from him."

///

///

///

///

///

///

///

///

///

---

[1]   A plaintiff may name a fictitious defendant in the
complaint if the plaintiff does not know the true identity of the
defendant prior to the filing of the complaint.   <u>Wakefield v.
Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999).   However,
Plaintiff should be aware that, before the United States Marshal
can serve process on any fictitiously named Defendant, Plaintiff
must provide identifying information sufficient to permit the
service of process, such as the Defendant`s full name and
address.

DISCUSSION

A pretrial detainee`s right to adequate medical care is protected by the Fourteenth Amendment`s substantive Due Process Clause.  <u>See</u> <u>Gordon v. City of Orange</u>, 888 F.3d 1118, 1124-25 (9th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 794 (2019).[2]  Such claims must be evaluated under an objective deliberate indifference standard.  <u>Id.</u>;  <u>Brown v. Patterson</u>, 2022 WL 1241362, at *2 (E.D. Cal. April 27, 2022) (citation omitted).  Under this standard, the detainee must allege facts plausibly demonstrating:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff`s injuries.

<u>Gordon v. City of Orange</u>, 888 F.3d at 1125.  The "mere lack of due care by a state official does not deprive an individual of life,

---

[2]   The Court assumes Plaintiff was a pretrial detainee, and not a sentenced prisoner, at the time of the events alleged in the Complaint.  A different standard (under the Eighth Amendment) applies to a medical care claim brought by a sentenced prisoner.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

1    liberty, or property under the Fourteenth Amendment." <u>Castro v. City</u>

2    <u>of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), <u>cert.</u>

3    <u>denied</u>, 580 U.S. 1099 (2017) (citations omitted).   Thus, a plaintiff

4    must plead facts from which it plausibly may be inferred that a

5    defendant acted with "something akin to reckless disregard" for the

6    plaintiff`s health.   <u>Id</u>.

7

8        Here, Plaintiff`s vague and conclusory allegations do not suffice

9    to state a claim against either Defendant.   <u>See</u> <u>Gordon v. City of</u>

10   <u>Orange</u>, 888 F.3d at 1125; <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

11   681 (2009) (conclusory allegations are "not entitled to be assumed

12   true").   Plaintiff fails to allege with any degree of specificity what

13   he allegedly advised Jane Doe concerning Plaintiff`s asserted need to

14   see a doctor.   Thus, it cannot plausibly be inferred that a reasonable

15   official in Jane Doe`s circumstances would have appreciated that there

16   existed any high degree of risk to Plaintiff`s health, or that Jane

17   Doe`s mere asserted failure to summon the doctor actually caused

18   Plaintiff any injuries.   Further, the extent and duration of any

19   alleged injuries are not adequately pleaded.

20

21       As to Sheriff John Doe, "[a] defendant may be held liable as a

22   supervisor under § 1983 if there exists either (1) his or her personal

23   involvement in the constitutional deprivation, or (2) a sufficient

24   causal connection between the supervisor`s wrongful conduct and the

25   constitutional violation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th

26   Cir. 2011), <u>cert. denied</u>, 566 U.S. 982 (2012).   Plaintiff fails to

27   allege with any degree of specificity facts showing Sheriff John Doe`s

28   "personal involvement in the constitutional deprivation" or a

4

1  "sufficient causal connection between" John Doe`s "wrongful conduct
2  and the constitutional violation."  Plaintiff does not even allege
3  what he "wrote" to Sheriff John Doe.  Contrary to Plaintiff`s evident
4  suggestion, John Doe`s status as Sheriff did not make John Doe liable
5  for Plaintiff`s medical care or for the alleged misconduct of the
6  Sheriff`s employees.  "Government officials may not be held liable for
7  the unconstitutional conduct of their subordinates on a theory of
8  respondeat superior."  Ashcroft v. Iqbal, 556 U.S. at 676; see Monell
9  v. New York City Dep`t. Of Soc. Servs., 436 U.S. 658, 691 (1978).
10 Further, a supervisor`s mere knowledge of a subordinate`s alleged
11 misconduct is insufficient to hold the supervisor liable.  Id. at 677.
12
13                              ORDER
14
15      The Complaint is dismissed with leave to amend.  If Plaintiff
16 still wishes to pursue this action, he is granted thirty (30) days
17 from the date of this Order within which to file a First Amended
18 Complaint.  Any First Amended Complaint shall be complete in itself
19 and shall not refer in any manner to any prior Complaint.  Plaintiff
20 may not add defendants without leave of Court.  See Fed. R. Civ. P.
21 21.  Failure timely to file a First Amended Complaint in conformity
22 with this Order may result in the dismissal of the action.  See
23 Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert.
24 denied, 538 U.S. 909 (2003) (court may dismiss action for failure to
25 follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d
26 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert.
27 denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v.
28 Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985

(2007) (affirming dismissal without leave to amend where plaintiff failed to correct complaint`s deficiencies, court had afforded plaintiff opportunities to do so, and court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. No. 40, Cty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave of amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: ___November 21, 2023___.

_Terry J. Hatter, Jr._

_____
TERRY J. HATTER JR.
UNITED STATES DISTRICT JUDGE

PRESENTED this 14th day
of November, 2023 by:

_____/S/_____
HON. CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE